## CAWOOD *v.* CHATTAHOOCHEE LUMBER COMPANY.

1. It affirmatively appears from the testimony of the plaintiff, that while operating a shingle machine a block from which he was sawing became fastened, and that without stopping the machine he placed his hand upon the block and pushed it to the saw, knowing it to be dangerous to do so; that he could by stopping the machine with the lever have removed the block without danger to himself; and that he elected to pursue the dangerous method which resulted in his injury. *Held,* that a nonsuit was properly granted.
2. Under such conditions as described above, it was no excuse for the negligence of the plaintiff that others were accustomed to do the same thing.

Submitted March 3,—Decided August 9, 1906.

Action for damages. Before Judge Harrell. City court of Bainbridge. June 9, 1905.

The plaintiff was injured by the use of dangerous machinery which he was employed to operate. It was alleged in his petition, that he was wholly unfamiliar with the manner of operating and the danger attending, and so informed the agent of the defendant in charge of the work, but was required, under penalty of being discharged, to proceed with the work without explanation as to the manner of operation; that the work was that of sawing shingles from blocks of wood; that the blocks should have been square in order to be manipulated by the machinery with safety and without obstruction; that the block from which he was sawing at the time of the injury was not square and on that account failed to respond to the automatic operations of the machine, and it became necessary to press the block along with his hand in order to saw the shingles; that in doing this the block suddenly slipped and his fingers were cut; and that the block would not have slipped had it been square. On the trial the plaintiff on direct examination testified substantially to the allegations so made, except that there was no direct threat to discharge him; but on cross-examination he testified, that he knew how to operate the machine, though he was not skilled, this being the first time he had operated a shingle machine; that he knew how to start and stop the machine by the use of levers which were provided for the purpose, and when the block became fastened he could without danger have stopped the machine and removed the block; that he knew it to be dangerous to put his hand upon the block in the manner indicated, to hold it while the machine was in operation, but it was a saving of time to do so, and it was customary with others to do the same thing.

The court granted a nonsuit. The plaintiff excepted to this, and to certain rulings touching the admissibility of evidence.

*R. G. Hartsfield* and *Talbert & Talbert,* for plaintiff.

*Donalson & Donalson,* for defendant.

ATKINSON, J. Under the testimony of the plaintiff it is made affirmatively to appear that the injury is the result of his own negligence. When the block became fastened, it appears that within his own knowledge there were two ways to have avoided the obstruction,—one by stopping the machine, which he knew to be a safe way, and the other by placing his hand upon the block, which he

knew to be dangerous. He elected to pursue the latter course and sustained the injury. That such course would defeat his cause of action, see *Southern Cotton Oil Co. v. Skipper,* 125 *Ga.* 368. Whatever negligence there was attending the incident was chargeable to himself. It is no excuse for adopting the dangerous way that others were accustomed to do the same thing.

Under the view we take of this case, it becomes unnecessary to consider the exceptions taken to the other rulings of the court. Where it affirmatively appears from the plaintiff's testimony that the injury was the result of his negligence, he can not recover, and the rulings of the court excluding evidence tending to establish negligence upon the part of the defendant become immaterial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*