4956, 5028.  HELMLY *v.* SAVANNAH OFFICE BUILDING
COMPANY; and *vice versa.*

1. This court will not disturb the first grant of a new trial where the verdict was not demanded by the law and the evidence, though the motion for a new trial was based upon a single ground; nor will it determine whether the trial court was right in granting the motion on this special ground.

2. The relation between one owning and operating an elevator for passengers and those carried in it is similar to the relation between carrier and passenger which arises in the case of an ordinary common carrier of passengers.  The exercise of extraordinary diligence is required in the transportation of passengers while in the elevator, and also in giving intended passengers reasonable opportunity to enter it, and if, in the operation of the elevator, an injury occurs to one who is a passenger therein, or who is entering it with the intention of becoming a passenger, on proof of the injury a presumption of negligence arises against the owner.

DECIDED SEPTEMBER 23, 1913.

Action for damages; from city court of Savannah—Judge Davis Freeman.  May 14, 1913.

*Osborne & Lawrence,* for plaintiff.

*Hitch & Denmark,* for defendant.

HILL, C. J.  1.  The Savannah Office Building Company, the defendant, was the owner of a large office building, and operated an elevator in connection with the building, for the benefit of its tenants and those having business in the building.  The plaintiff was an employee of a tenant in this building, and, while he was in the act of entering the elevator for the purpose of going to the office of his employer, he was injured by the sudden and unexpected starting of the elevator.  He sued the building company for damages for the injuries, and the jury gave him a verdict for $7,500.  The defendant made a motion for a new trial; the trial court granted the motion, on the ground that the verdict was "legally excessive," and the plaintiff assigns error on the order granting another trial.  A cross-bill of exceptions, filed by the defendant, brings to this court for consideration the question, made in the motion for a new trial, as to the relation existing between the plaintiff and the defendant,—whether the relation was that of passenger and common carrier, or that of landlord and tenant; the defendant insisting that the relation was that of landlord and tenant, and that the rule of ordinary diligence was applicable, and

assigning error on an instruction to the jury that the relation of common carrier for hire and passenger existed between the plaintiff and the defendant, and that the defendant owed to the plaintiff the duty of extraordinary diligence, and that on proof of injury to him by the running of the elevator a presumption of negligence arose.

As to the main bill of exceptions, which complains of the grant of a new trial, the case is fully controlled by the decision of the Supreme Court in *Smith* v. *Maddox-Rucker Banking Co.,* 135 *Ga.* 151 (68 S. E. 1031), where it was held that "Where the verdict was not demanded by the law and evidence, the Supreme Court will not disturb the first grant of a new trial, though it was upon a single ground, nor will it determine whether the trial court was right in granting a motion on a special ground. This is a rule without an exception." Therefore, as to the main bill of exceptions, the judgment must be affirmed.

2. The question made in the cross-bill of exceptions, which it is necessary to decide, since there is to be another trial of the case, has never been passed upon by the Supreme Court of this State, and there is conflict in the authorities on the subject. We have given the question very careful consideration and have concluded that the liability of the owner of a building who maintains in it an elevator for the use of its tenants and their customers and employees is that of a common carrier of passengers, and the rule of diligence which applies to common carriers of passengers, under the statute of this State, is applicable. The doctrine here announced is sustained by the great weight of authority, although there are some decisions of courts of last resort of the highest character which announce a contrary rule. The authorities on both sides of this question can be found in a note to the case of Edwards *v.* Manufacturers' B. Co. (R. I.) in 2 L. R. A. (N. S.) 744. It will be seen from an examination of these authorities that except in Michigan, Rhode Island, and New York, it is held that the obligation of an owner of an elevator to passengers, or those attempting to become passengers, is the highest degree of care in protecting them, or, as required by the statute of this State as to common carriers, extraordinary care and diligence. This seems also to have been the rule announced by the United States Circuit Court of Appeals in Mitchell *v.* Marker, 62 Fed. 139 (10 C. C. A.

306, 25 L. R. A. 15), decided by Judge Lurton, Circuit Judge (now a member of the Supreme Court of the United States). In that case it was held that passenger elevators are within the rule governing other carriers of passengers, which requires the highest degree of care; and that a passenger on entering an elevator must be given a reasonable opportunity to obtain his balance, before a rapid and sudden start .of the elevator is made.

The code of this State defines a common carrier as "one who pursues the business constantly or continuously for any period of time, or any distance of transportation;" and it declares that such a carrier "is bound to use extraordinary diligence." Civil Code (1910), § 2712. In section 2714, it is declared that "a carrier of passengers is bound also to extraordinary diligence on behalf of himself and. his agents to protect the lives and persons of his passengers." Unquestionably, under this definition, one who carries passengers on an elevator from floor to floor of a large office building, or of a hotel, constantly and continuously, is a carrier of passengers. No rational distinction in principle can be based on the fact that the passengers are carried vertically rather than horizontally; and the distance the passengers·are carried is not material. True, the passenger on an elevator pays to the owner of the elevator no fare or hire for his carriage; but payment for this service is made to the owner by his tenants, by reason of the fact that their rental is increased in proportion to the facility of the service given to them by. the owner. In other words, this increased rental is equivalent to the fare paid to railroad or street-car companies. Certainly the danger to the passenger on an elevator is as great as the danger to a passenger on a railroad train or street-car. Persons who are lifted by elevators are subject to great risks of life and limb. They are hoisted vertically; they have no power over the running of the elevator, and are unable, in case of the breaking of the machinery of the elevator, to help themselves. In their passage from floor to floor they are absolutely at the mercy of the owner's employee who runs the elevator. They must depend upon his skill and upon his attention to duty; and in our opinion there is no employment where the law should demand a higher degree of care and diligence than in the case of persons using and running elevators for lifting human beings from one level to another. The danger is great, and the utmost care and diligence should be re-

quired. We conclude, therefore, that the learned trial judge correctly instructed the jury to the effect that the measure of diligence which the law requires of the owner and operator of an elevator in an office building or elsewhere, for the carrying of passengers, is that prescribed by the statute of this State for common carriers of passengers. We therefore affirm the judgment on the cross-bill of exceptions. *Judgment affirmed.*