6487. BELK *v.* LEE ROY MYERS COMPANY.

WADE, J. 1. "An employee who has the choice of two ways of doing a given piece of work, the one safe, the other dangerous, is under a duty to his employer to select the former; and if, instead of so doing, he selects the latter, when he knows or ought to know of the danger, he can not recover of the employer for injuries thus sustained, although his conduct in selecting the dangerous way may not have amounted to actual rashness." *Central of Georgia Railway Co.* v. *Mosely,* 112 *Ga.* 914 (4), 916 (38 S. E. 350). See also *Jackson* v. *Ga. So. & Fla. Ry. Co.,* 132 *Ga.* 127, 145. The evidence as a whole, including that of the plaintiff himself, shows that he selected the dangerous rather than the safe way of doing the particular work which caused his injury, and that the danger was obvious.

2. "The presumption is that the appliances were not defective, and when it is shown that they were, then there is a further presumption that the employer had no notice or knowledge of this fact and was not negligently ignorant of it." *Georgia Railroad Co.* v. *Nelms,* 83 *Ga.* 70, 76 (9 S. E. 1049, 20 Am. St. R. 308). The evidence introduced in behalf of the plaintiff failed to rebut either of these presumptions, and the pleadings and the evidence, when construed most strongly in his favor, fail to make out a prima facie case.

3. "It is not incumbent upon persons or corporations using machinery in the prosecution of their business to procure the best and safest machinery which can be made. It is sufficient if the machinery is of a kind in general use, and reasonably safe for all persons who operate it with

ordinary care and diligence. 'No manufacturing business or business establishment is bound at its peril to make use only of the best implements and the best machinery and the safest methods.' Cooley, J., in Michigan Cent. R. Co. *v.* Smithson, 45 Mich. 219 (7 N. W. 793; 1 Am. & Eng. R. Cas. 104)." *Vinson v. Willingham Cotton Mills*, 2 Ga. App. 53 (58 S. E. 413). The mere fact that the machinery which the plaintiff was operating at the time of his injury may not have been the best obtainable would not be sufficient to authorize an inference of negligence on the part of the defendant in its purchase and selection. See *Georgia Railroad Co.* v. *Nelms*, supra.

4. Under the circumstances in this case, the maxim of res ipsa loquitur is inapplicable; and, applying the above well-settled principles of law to the facts, the trial judge did not err in granting the nonsuit.

*Judgment affirmed.*

DECIDED FEBRUARY 3, 1916. REHEARING DENIED FEBRUARY 25, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. March 4, 1916.

*Twiggs & Gazan,* for plaintiff.

*Lawton & Cunningham,* for defendant.