### 10476. ALLGOOD *v.* MONROE OIL AND FERTILIZER COMPANY.

An employee in a mill who in attempting to put a belt on a rapidly revolving pulley chose a dangerous way of doing so was not entitled to recover for injuries thus received which he could have avoided by choosing a safe way known to him, although his choice of the dangerous way may not have amounted to actual rashness. Under the evidence the injuries were due to negligence of the plaintiff to which the defendant did not in any way contribute; and the court did not err in directing a verdict for the defendant.

DECIDED OCTOBER 9, 1919.

Action for damages; from Walton superior court—Judge Cobb. February 20, 1919.

*A. H. Davis, W. O. Dean,* for plaintiff.

*R. L. Cox, Walker & Roberts, R. P. Jones,* for defendant.

LUKE, J.   The evidence in this case discloses that the plaintiff undertook to put a belt on a fast-revolving pulley, and in so doing was injured.   The evidence also discloses that there was a safe way to put the belt on the pulley, and the safe way was known to the plaintiff.   The evidence is without contradiction that the plaintiff had a choice of two ways of putting the belt on the pulley, one a dangerous way and the other a safe way.   The plaintiff chose the dangerous way.   The plaintiff having selected the dangerous way, he cannot recover of the employer for his injuries thus sustained, although his conduct in selecting that way may not have amounted to actual rashness.   See *Belk* v. *Lee Roy Myers Co.,* 17 *Ga. App.* 684 (87 S. E. 1089), and cases cited.

The evidence fails to make out a prima facie case.   The plaintiff had months of experience around the machinery where he was injured, and his injury was due to his own negligence, not contributed to in any way by the defendant.   *Commercial Guano Co.* v. *Neather,* 114 *Ga.* 416 (40 S. E. 299) ; *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (51 S. E. 13) ; *Cawood* v. *Chattahoochee Lumber Co.,* 126 *Ga.* 159 (54 S. E. 944).   For no reason assigned was it error for the court to direct a verdict for the defendant.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*