11880, 11881.  BULLARD *et al.* v. ROLADER (two cases).

HILL, J. 1. The lessee of a building in which he conducts a hotel and
operates an elevator for the transportation of his guests to and from
different floors of the building is required, in the operation of the
elevator for this purpose, to exercise extraordinary diligence for the
safety of the guests while they are getting on and off and are riding
upon the elevator.  This rule of diligence is not limited to the actual
technical operation of the machine, but includes such examination, in-
spection, and repair of its physical and mechanical parts as is necessary
to keep and maintain it in a fit and proper condition for safe operation.
Where a guest injured in the operation of the elevator sues the lessee
for damages, alleging that the injury was caused by the defective con-
dition of the elevator or negligence in its operation, on proof of the
injury a presumption of negligence arises against the defendant.
*Helmly* v. *Savannah Office Building Co.*, 13 *Ga. App.* 498 (79 S. E. 364).
2. As between lessor and lessee, in the absence of contract, the lessor is
required to make repairs to the leased property, rendered necessary by
natural wear and tear; yet when the leased property contains an ele-
vator which is used by the lessee in the conduct of his business, he
is responsible for an injury caused by the defective condition of the
elevator or by its negligent operation.  This is especially true as appli-
cable to the proprietor of a hotel and his guests.  Whether the lessee
has exercised the degree of care required by law, in the maintenance
and operation of the elevator in the particular case, is a question of fact
to be determined by the jury.
3. While the amount of the verdict, complained of as excessive, under the
evidence is large ($5,000), this court cannot say that it is " so excessive
as to justify the inference of gross mistake or undue bias."  Civil Code
(1910), § 4399.
4. The charge of the court was exhaustive, fair, and correct as to all the
issues made by the pleadings and the evidence; and the verdict is amply
supported.  The refusal to grant a new trial was right.

*Judgments affirmed. Stephens, J., concurs.  Jenkins, P. J., disqualified.*

DECIDED MAY 2, 1921.

(Certiorari was granted by the Supreme Court.)

Actions for damages; from city court of Atlanta — Judge Reid.
June 12, 1920.

Mrs. Rolader was injured by the fall of an elevator in which she
was a passenger, while a guest in a hotel, and she sued for dam-
ages on account of pain and suffering, and obtained a verdict for
$5,000.  Her husband, in a separate action, tried at the same time,
recovered for loss of her services.  There were separate motions
for a new trial and separate bills of exceptions in the two cases,
and both cases were heard in this court together.  Mrs. Rolader
testified that when she came to herself at the place where she was

taken off the elevator she was drawn double, her back was bent, and her left foot and leg were twisted around, and the top of the foot was "on the bottom where the bottom should be;" that she was taken to a hospital, where her foot was "kind of straightened around" and a plaster cast was placed around her leg and ankle; that when she was taken from the hospital about a month later she was still drawn double, and had a strained back, and that until and at the time of testifying (about a year later) she suffered across the small of her back and from her ankle, and was a nervous wreck, and that her foot continued turned to one side and she limped and could not walk straight, and could not without suffering stand on it, as she was required to do in her trade of milliner; that her back and her foot and leg would give out when she stood for a short time; and that before the injury she was in good health and none of these conditions existed. Her physician testified that the injury to the foot might "very likely cause permanent trouble," but he "would not say positively so, because some do recover quite completely from such injury;" and that the injury would tend to shock the nervous system.

*James L. Anderson, John T. Pearson,* for plaintiffs in error.
*Hewlett & Dennis, John S. Highsmith,* contra.