### 41963. DARLINGTON CORPORATION v. FINCH.

ARGUED MAY 4, 1966—DECIDED MAY 26, 1966—
REHEARING DENIED JUNE 14, 1966—

*Nall, Miller, Cadenhead & Dennis, Donald M. Fain,* for appellant.

*Marvin G. Russell, George G. Finch, Sr.,* for appellee.

EBERHARDT, Judge. "The testimony . . . does not by any stretch of the imagination show that the doors were not suited to the use to which they were put, or that they . . . were dangerous. The evidence does not authorize the application of the doctrine of res ipsa loquitur for the reason that mechanical devices, such as the one here involved, get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone. Any other ruling would make the occupier of the premises an insurer." *Quick Shops, Inc. v. Oldham,* 100 Ga. App. 551, 556 (111 SE2d 920). Accord: *Underwood v. Atlanta Winn-Dixie,* 111 Ga. App. 693, 695 (143 SE2d 25). There was no proof that the elevator or its doors were "out of working order." On the contrary, it appears from plaintiff's own testimony that the elevator "operated just like it usually did, normally did—just knocked me down."

As to whether rubber bumpers should have been installed on both doors, one "is not required to furnish the latest or best appliances, or to incorporate in existing equipment the latest inventions or improvements even though such devices may make the equipment safer to use. An appliance is not defective by reason of the failure to have incorporated therein the latest im-

provement or invention developed for its use." *Emory University v. Porter*, 103 Ga. App. 752, 755 (120 SE2d 668); cf. *Pettit v. Stiles Hotel Co.*, 97 Ga. App. 137 (102 SE2d 693). "It is not incumbent upon persons or corporations using machinery in the prosecution of their business to procure the very best and safest machinery which can possibly be made. It is sufficient if the machinery is of a kind in general use, and reasonably safe for all persons who operate it with ordinary care and diligence." *Davis v. Augusta Factory*, 92 Ga. 712, 713 (18 SE 974). Accord: *Vinson v. Willingham Cotton Mills*, 2 Ga. App. 53 (1) (58 SE 413); *Belk v. Lee Roy Myers Co.*, 17 Ga. App. 684 (87 SE 1089). There was uncontradicted proof that the elevator met these standards.

Plaintiff was an elderly woman, and by reason of that may have been slow in moving out of the elevator, but she knew how the doors operated—having used it for some 12 years— and she knew that she could keep the door open by merely touching the rubber bumper on the left door, but failed to do so. *Code* § 105-603. *Peniston v. Newnan Hospital*, 40 Ga. App. 367, 369 (149 SE 715); *Stephens v. Dover Elevator Co.*, 109 Ga. App. 112 (135 SE2d 593).

We can find no basis for charging the defendant with any negligence, or of failure in its duty to exercise extraordinary care in the maintenance and operation of the elevator.

While there is a rational basis for holding the operator of an elevator to extraordinary care in its maintenance and operation (*Helmly v. Savannah Office Building Co.*, 13 Ga. App. 498 (79 SE 364); *Bullard v. Rolader*, 26 Ga. App. 742 (107 SE 548)), the further holding in these cases that "on proof of the injury a presumption of negligence arises against the owner" is, for the reason assigned in Western &c. R. Co. v. Henderson, 279 U. S. 639 (49 SC 445, 73 LE 884) no longer valid.

*Bullard* went to the Supreme Court on certiorari where, in *Bullard v. Rolader*, 152 Ga. 369 (110 SE 16) doubt was expressed as to the correctness of the ruling, but since the defendants had not been injured thereby, the statement having been made only by this court and not having been invoked or applied in the trial court, there was no reversal.

Both *Helmly* and *Bullard* were decided prior to Western &c.

R. Co. v. Henderson, supra, in which § 2780 of the Code of 1910, raising this presumption of negligence against a railroad in the operation and maintenance of its trains, was held unconstitutional as violative of the Fourteenth Amendment. The imposing of the standard of extraordinary care upon the operator of an elevator by this court was under the sections of the Code defining a carrier, viz., § 2712 (now §§ 18-101, 18-102), and § 2714 (now § 18-204), and placing upon it that duty. It is obvious that the imposition of the presumption of negligence followed under Code § 2780.

To meet the rule of the Henderson case the General Assembly, by Act of 1929 (Ga. L. 1929, p. 315), now *Code* § 94-1108, provided that proof of injury received from the running of its locomotives or cars shall be *prima facie evidence* of the want of reasonable skill and care on the part of the railroad company's servants, but it did not raise an unconstitutional presumption of negligence as was done by Code § 2780. The effect, then, of the Henderson case was to overrule *Helmly* and *Rolader* in this particular.

This statute, in derogation of common law, makes reference only to railroads in the operation of their locomotives and cars. Whether it should be construed to extend to the operation of elevators by others is a question not presented by this record. Cf. *Mayor &c. of Macon v. Macon & Western R. Co.*, 7 Ga. 221; *Board of Tax Assessors of Decatur County v. Catledge*, 173 Ga. 656 (1) (160 SE 909); *Standard Steel Works Co. v. Williams*, 155 Ga. 177, 181 (116 SE 636); *Hood v. First Nat. Bank*, 219 Ga. 283, 286 (133 SE2d 19). If it were so construed it is to be observed that there is a complete lack of evidence of negligence on the part of the defendant, its servants and agents, and there is evidence on behalf of the defendant which completely rebuts the inference. *Macon, Dublin &c. R. Co. v. Stephens*, 66 Ga. App. 636 (19 SE2d 32). A verdict for the defendant was demanded.

*Reversed with direction that a judgment be entered for the defendant in accordance with its motion for judgment n.o.v. Bell, P. J., and Jordan, J., concur.*