41805. SOUTHERN RAILWAY COMPANY v. HAMILTON.

ARGUED FEBRUARY 9, 1966—DECIDED MAY 31, 1966.

*Greene, Neely, Buckley & DeRieux, John D. Jones, Thomas B. Branch, III,* for appellant.

*Lewis, Lewis & Cagle, T. J. Lewis, Jr., Arthur M. Kaplan,* for appellee.

BELL, Presiding Judge. 1. With respect to actions arising under the Federal Employers' Liability Act (45 USC § 51 et seq.), the majority of the Supreme Court of the United States has made it plain that what constitutes negligence for purposes of

the Act is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws for other purposes, and on that question federal decisional law formulating and applying the concept governs. Toward that end the Supreme Court has frequently reviewed cases dealing with the sufficiency of the evidence and oftentimes in cases where there has been unanimity among the trial and the appellate judges of a state that the evidence was insufficient to show negligence on the part of the defendant. See the cogent criticism of the court's policy by Mr. Justice Frankfurter in Rogers v. Missouri P. R. Co., 352 U. S. 500, 508 (77 SC 443, 1 LE2d 493). Negligence sufficient to authorize recovery under the Act has been declared in the Rogers case to be "whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference." In applying its policy of reviewing the sufficiency of the evidence the Supreme Court has so liberalized or weakened the statute's mandatory requirement that liability be predicated on negligence as to lead one Justice of that court to exclaim that the court only pays "lip service" to the requirement and that to such an extent that the requirement has no "practical meaning." See dissent of Mr. Justice Jackson in Wilkerson v. McCarthy, 336 U. S. 53, 76 (69 SC 413, 93 LE 497). The laudability of the criticism notwithstanding, the rule of the majority stands as the law and all tribunals are bound by it. And that rule of liberality is applicable alike to pleadings as well as to the evidence.

Insofar as the petition here discloses, the defect in the "puller" which the plaintiff on the employer's orders was operating and which caused plaintiff's injuries was a latent defect. In discussing an injury arising from a latent defect in machinery, Judge Powell wrote, "The master, in employing his servant and in putting him to work at this machine, by implication of law warranted to him that the machine contained no latent defect undisclosed so far as the master knew or by reasonable care

could discover, and that the master would use reasonable care to keep it in that condition; hence it became the master's non-delegable duty to use ordinary care to see that the machine remained free from such defects and to have reasonable inspection made to prevent them from arising . . . Even in pleading it is not necessary that the negligent deficiency be described in structural terms; a deficiency may be sufficiently alleged by stating that the particular contrivance was so constructed or maintained that it gave forth a result which it was designed to prevent, and which such contrivances, as they are usually constructed and maintained, do prevent." *Hubbard v. Macon R. & Light Co.,* 5 Ga. App. 223, 224-226 (62 SE 1018).

Certainly, the petition in this case, when viewed in the light of Judge Powell's statements coupled with the Supreme Court's announced test of negligence, states a cause of action under the Federal Employers' Liability Act.

The trial court did not err in overruling the defendant's general demurrer.

2. The trial court did not err in overruling the defendant's original and renewed special demurrers numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 18, 19 and 20.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*