## 43102. CHAPMAN v. TURNBULL ELEVATOR, INC. et al.

662

SUBMITTED OCTOBER 2, 1967—DECIDED OCTOBER 31, 1967—
REHEARING DENIED NOVEMBER 16, 1967.

*Vandiver, Barwick & Bentley, Thomas S. Bentley, John E. Talmadge,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Lynn A. Downey, Haas, Dunaway, Shelfer & Haas, George A. Haas, Douglas Dennis,* for appellees.

FELTON, Chief Judge. Specifications of negligence (a), (b) and (d) relate to the defendant Atlanta Federal Savings & Loan Association, called the bank for the sake of brevity, and specification (c) relates to Turnbull Elevator, Inc., called the elevator company for convenience. The petition sets forth a cause of action against both defendants. The sole questions for decision are whether the allegations were pierced by the motions for summary judgment and documents in support thereof and whether such showings require the conclusion of non-negligence as a matter of law. The pleadings were not pierced as to the elevator company. Under the rules of common law duty and of circumstantial evidence the allegation that the injury was proximately caused by the failure to properly inspect the elevator was not pierced by the motion of either defendant for a summary judgment and evidence presented therewith. The allegations of negligence as to the bank could also be supported by evidence bringing the case as to it under the rules of circumstantial evidence. The evidence showed that the plaintiff furnished the defendants the names of the persons who were present on the elevator when it was alleged to have malfunctioned. To have pierced the pleadings as to either defendant, it would have to appear in support of the motions for summary judgment that one of the passengers did something to the elevator which caused it to malfunction and that such conduct was unconnected with any negligence charged against the defendants. The witnesses for the defendant could offer but one explanation for the malfunctioning of the elevator and that was that a passenger toyed with the emergency and other buttons in the elevator.

In the trial of the case the plaintiff could prove that no passenger was the cause of the malfunction here charged and carry the case to a jury. Further evidence on the motions showed that the alleged malfunction *could* happen but no witness could explain it; that two other similar malfunctions had been reported; *that inspections were made by the elevator company at the instance of the bank* and nothing was found to be wrong and that the elevators were put back in service after each inspection and that no other malfunction has occurred since the one on which this action was based. *There is no showing that the malfunctions did not occur.* Since that is true, on a trial of the case if a jury finds that the alleged malfunction occurred, and that the occurrence could not be accounted for without negligence, the jury would be authorized to find against both defendants. Otis Elevator Co. v. Robinson, 287 F2d 62 (5th Cir., 1961); Otis Elevator Co. v. Jackson, 325 F2d 260 (5th Cir., 1963); 6 ALR 391; *Bullard v. Rolader,* 26 Ga. App. 742 (107 SE 548); *Helmly v. Savannah Office Bldg. Co.,* 13 Ga. App. 498 (79 SE 364); *Callaway v. Hall,* 58 Ga. App. 795 (199 SE 899); *Higgins v. Otis Elevator Co.,* 69 Ga. App. 584 (26 SE2d 380). The case of *Darlington Corp. v. Finch,* 113 Ga. App. 825 (149 SE2d 861) is so obviously distinguishable that discussion of the fact is unnecessary. The *Darlington* decision, overruling in part a statement in the *Bullard* and *Helmly* cases to the effect that in certain cases "on proof of the injury a presumption of negligence arises," does not mean that a case of negligence cannot be made by circumstanital evidence. Judge Powell, in *Hubbard v. Macon R. &c. Co.,* 5 Ga. App. 223, 225-226 (62 SE 1018) stated: "It is contended by the defendant that the plaintiff did not show the existence of the defect. We think he made a prima facie case as to this. It is true that he never saw the valve before or after the time of his injury. He knew, however, the general construction of the machinery. He exhibited a diagram of it to the jury, showing the relation of the valve and of the other parts. From an examination of the diagram, it seems impossible that the steam could have come through the valve, when it was closed, as the plaintiff testified it was, so as to blow the contents of the lubricator into the defendant's face, if

it had not had the defect of being leaky. Without frightening any of the brethren of the profession by saying that it was a case of res ipsa loquitur (for this phrase seems to be a bugaboo to some members of the bar), we will say that the circumstances were such as clearly to prove, according to all the rules of circumstantial evidence, that the valve contained a leak. As the plaintiff directly testified, 'there was no other way for it (the steam) to get in there.' Even in pleading it is not necessary that the negligent deficiency be described in structural terms; a deficiency may be sufficiently alleged by stating that the particular contrivance was so constructed or maintained that it gave forth a result which it was designed to prevent, and which such contrivances, as they are usually constructed and maintained, do prevent. *Atlantic Coast Line R. Co. v. Davis & Brandon,* ante, 214 (62 SE 1022) ; *Ga. Ry. & Elec. Co. v. Reeves,* 123 Ga. 702 (3), (51 SE 610). The plaintiff proved a prima facie case, and the grant of a nonsuit was erroneous." "The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. . . The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4-5 (126 SE2d 442).

The court erred in granting a summary judgment in favor of each defendant because the pleadings were not pierced by the showings in support of the motions and because the showings did not show as a matter of law that the defendants were not guilty of negligence constituting the proximate cause of the injuries as charged in the petition.

*Judgments reversed. Hall and Eberhardt, JJ., concur.*