A94A0891. NEAL v. CSX TRANSPORTATION, INC.
(445 SE2d 766)

BLACKBURN, Judge.

The appellant, Jackie Lee Neal, filed the instant complaint for damages under the Federal Employers' Liability Act, 45 USC § 51 (FELA), against his employer, CSX Transportation, Inc., a Virginia corporation authorized to do business in this state, as a result of multiple injuries that he sustained during a fall while working in an allegedly unsafe yard maintained by CSX in Jacksonville, Florida.[1] CSX responded to the complaint, asserting several defenses, and subsequently moved to transfer the action to Gwinnett County.

After a hearing on the motion, the motion was granted, and the matter was transferred to Gwinnett County. The case proceeded to trial, the jury returned a general verdict in favor of CSX,[2] and judgment was entered on the jury's verdict. Neal's motion for new trial was subsequently denied by the trial court, and this appeal followed.

---

[1] He also asserted in a separate count that he was entitled to damages for injuries that he subsequently sustained on CSX's premises while attempting to pick up a disability check. However, during trial, he dismissed this count.

[2] During the trial, Neal dismissed his claim for damages as a result of the March 1990 accident.

1. Initially, Neal asserts that the Superior Court of Fulton County erred in transferring the venue in the case to Gwinnett County. We disagree.

Federal and state courts exercise concurrent jurisdiction in FELA actions. 45 USC § 56; *Moss v. Central of Ga. R. Co.*, 135 Ga. App. 904 (219 SE2d 593) (1975). While the federal statute governing such actions specifically provides for venue where the action is filed in federal courts, the act is silent as to venue of such actions in state tribunals. Accordingly, we must look to our state laws to determine the proper venue for actions filed in state courts.

Our state constitution provides that civil actions must be tried in the county where the defendant resides, and venues for corporations, foreign and domestic, are determined by law. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. Venue of actions for foreign corporations such as CSX is governed by OCGA § 14-2-510, which was enacted in 1989, and in effect at the time that this action was filed on November 20, 1990.[3] This statute specifically provides, in part, that, " '[f]or the purpose of determining venue, each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside: (1) For purposes of proceedings generally, in the county where its registered office is maintained, or if the corporation fails to maintain a registered office, it shall be deemed to reside in the county in this state where its last named registered office or principal office, as shown by the records of the Secretary of State, was maintained . . . (3) For purposes of proceedings for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county. . . .' " *McLendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (418 SE2d 130) (1992). Since the allegedly tortious acts of CSX occurred in Florida, venue of this corporation is proper in the county where its registered agent and registered office are located.

As in this case, "when the trial judge conducts a hearing on a motion to dismiss or transfer for improper venue, his findings, as a trier of fact, are tested by the any evidence rule. [Cit.]" Id. at 866. Although the trial court herein did not make any specific written findings in its December 11, 1991, order granting CSX's motion to transfer venue, the trial court impliedly found that venue was proper in Gwinnett County because CSX's registered agent and registered office for service of process are located in that county. Considering the evidence in the record and the applicable law, the trial court did not

---

[3] While OCGA § 46-1-2 governs actions against railroads for injuries caused by the railroad or its agents, it does not apply to actions for injuries sustained in a foreign state, and is therefore inapplicable. See *Louisiana State Rice Milling Co. v. Mente &c.*, 173 Ga. 1 (159 SE 497) (1931) (interpreting a former version of OCGA § 46-1-2).

err in transferring venue to Gwinnett County.

2. Next, Neal maintains that the trial court erred in failing to grant his motion for new trial because the verdict is not supported by the evidence.

In order to recover under FELA, an employee must show that the employer's negligence played a part, however small, in the injuries that he sustained. *Southern R. Co. v. Hamilton*, 113 Ga. App. 778 (149 SE2d 842) (1966). Once the employee has met his burden, the obligation to pay damages arises. Id.

While Neal alleged in his complaint and at trial that the railroad yard was negligently maintained by CSX, CSX produced testimony of the terminal superintendent for the railroad yard who stated that the company employed a cleaning crew to remove debris within the yard. The superintendent further testified that if the condition of the yards was reported as unsafe, the company made efforts to remove the unsafe material. More importantly, Neal's credibility was challenged based upon the inconsistent version of the accident given in his deposition testimony in comparison to his trial testimony, and the misrepresentations that he made concerning his income from his business on his federal income tax return form. In addition, the testimony of two of his corroborating witnesses revealed that they were also asserting an action against CSX under FELA. Moreover, the medical evidence produced showed that Neal's physical and psychological condition was probably related to his preexisting infirmities. There was also evidence produced at trial that Neal failed to mitigate his damages by refusing to accept a position within his limitations that had been offered by CSX.

" 'On appeal an appellate court is bound to construe the evidence in support of the verdict and judgment, and if there is some evidence to support the verdict we will uphold the judgment. (Cit.)' [Cit.]" *Thompson v. Hardy Chevrolet-Pontiac-Buick*, 203 Ga. App. 499, 503 (3) (417 SE2d 358) (1992). "The issues [including the credibility of the witnesses] were properly submitted to the jury and were resolved against [Neal]. The jury is the final arbiter of the facts, and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict. [Cits.] As there was some evidence supporting the verdict and the contrary evidence did not demand a verdict for [Neal], the trial court did not err in denying [his] motion for new trial. [Cit.]" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1) (256 SE2d 916) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided May 27, 1994 —
Reconsideration denied June 29, 1994 — 

*Burge & Wettermark, Michael J. Warshauer,* for appellant.
*Alston & Bird, Gerald L. Mize, Jr.,* for appellee.