A04A1097. STEWART v. CSX TRANSPORTATION, INC.
(602 SE2d 665)

ANDREWS, Presiding Judge.

Hattie Stewart sued her former employer, CSX Transportation, Inc., pursuant to the Federal Employers' Liability Act (FELA) (45 USC § 51 et seq.) claiming that CSX negligently exposed her to asbestos during her employment and caused her to contract asbestosis. A jury rendered a general verdict in favor of CSX and Stewart appeals. For the following reasons, we affirm.

1. There is no merit to Stewart's claim that she is entitled to a new trial because the verdict in favor of CSX was against the weight of the evidence.

---

On appeal, the verdict and judgment in favor of CSX must be affirmed if there is some evidence to support it, and the evidence must be construed with every inference and presumption in favor of upholding the verdict and judgment. *Neal v. CSX Transp.*, 213 Ga. App. 707, 709 (445 SE2d 766) (1994). Stewart presented evidence that she developed asbestosis as a result of inhaling airborne asbestos fibers during her CSX employment. However, CSX presented evidence that Stewart was only exposed to low levels of airborne asbestos, and presented testimony from five physicians that, in their opinions, Stewart did not have asbestosis. There was more than sufficient evidence for the jury to find in favor of CSX on the basis that, despite some low level exposure to asbestos, Stewart did not have asbestosis.

2. As part of her claim for asbestosis-related damages, Stewart sought to prove that she incurred pain and suffering because of fear that she would develop cancer as a result of an increased cancer risk from contracting asbestosis. See *Norfolk & Western R. Co. v. Ayers*, 538 U. S. 135 (123 SC 1210, 155 LE2d 261) (2003) (employees suffering from asbestosis caused by exposure to asbestos during employment can recover under the FELA for mental anguish damages resulting from the fear of developing cancer upon proof that the fear was genuine and serious). Stewart claims the trial court erred by excluding her claim for these damages on the basis that she did not present sufficient evidence that her fear was genuine and serious. We need not determine whether Stewart had a sufficient evidentiary basis for fear of cancer damages. Even if the trial court erred by excluding this claim, the error was harmless because fear of cancer damage was predicated upon proof that Stewart had asbestosis. Embracing every presumption in favor of upholding the verdict and judgment, we find there was ample evidence to support the conclusion that the jury found Stewart did not suffer from asbestosis.

3. Finally, Stewart claims the trial court erred by admitting evidence of airborne asbestos fiber counts under the business records exception to the hearsay rule. As part of evidence that Stewart was exposed to only low levels of asbestos during her employment, CSX presented evidence that periodic sampling for airborne asbestos fibers in the workplace showed that asbestos levels were below a level which could have caused asbestosis. To do the sampling, CSX used a routine technique in which a quantity of air was passed through a filter to collect airborne fibers in the filter. The filter was then sent to an independent laboratory where a technician counted the fibers in the filter with the use of a microscope. Without the testimony of the technicians who did the counting, the trial court admitted the fiber counts as evidence under the business records exception to the hearsay rule set forth in OCGA § 24-3-14.

Stewart does not contend that a proper foundation was not laid to qualify the fiber counts for admission under the business records exception. Rather, Stewart's objection to admission of the counts was that they contained opinions or conclusions drawn by the technician counters. A document otherwise admissible as a business record under OCGA § 24-3-14 is not admissible if it contains opinions or conclusions "which may or may not be based upon facts, and lack that reliability of records which exist in the routine recording of facts in regular business books or other records." *Martin v. Baldwin*, 215 Ga. 293 (110 SE2d 344) (1959); *Luke v. Spicer*, 194 Ga. App. 183, 184 (390 SE2d 267) (1990). On the present record, we find no evidence that skill of observation or judgment was a significant factor affecting the reliability of the fiber counts. To the contrary, the fiber counts were obtained by a routine procedure involving a simple counting of fibers observable under a microscope. Moreover, because the fiber counts were done at an independent laboratory and were part of routine air sampling done by CSX and not in response to litigation against any particular individuals, we find no basis for concluding that the accuracy of the counts was affected by bias or "the opportunity to use self-serving statements without the important test of cross-examination." (Citation and punctuation omitted.) *Brown v. State*, 274 Ga. 31, 33 (549 SE2d 107) (2001); *Brown v. State*, 268 Ga. 76, 80-81 (485 SE2d 486) (1997). Accordingly, we find that the trial court did not abuse its discretion by admitting the fiber counts under the business records exception to the hearsay rule.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 9, 2004.

*Lane & Gossett, Roger B. Lane, C. Darrell Gossett,* for appellant. *Jordan & Moses, Randall A. Jordan, Mary H. Moses,* for appellee.