SYLVESTER MATHIS v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 20 March, 1907).

**Negligence—Plaintiff's Duty—Repairing.**—When under instructions
from his superior officer the plaintiff, in repairing a piece of
machinery, with knowledge of its defects, negligently caused an
injury to himself in such manner as it was his duty in repairing
to prevent, he cannot recover, and Revisal, sec. 1905, has no
application.

CIVIL ACTION, tried before *Jones, J.,* and a jury, at the
January Term, 1907, of the Superior Court of WAYNE
County. Judgment for defendant. Plaintiff appealed.

Plaintiff sues to recover damages sustained by reason of
injury caused by alleged negligence of defendant, in that
while in the employment of defendant he was directed to
make certain repairs on a spout in water-tank used by de-
fendant, and that "defendant failed in its duty, in that said
spout was defective and out of repair, which fact was well
known to defendant's road-master in charge of section upon
which plaintiff was employed." Defendant denied all alle-
gations of negligence and averred contributory negligence on
part of plaintiff.

Plaintiff testified: "I was employed by defendant for
seven or eight years, and was, in April, 1905, section-master,
Dudley Section. My duties were to keep up tracks, look out
for buildings along track, keep fire from buildings. Was near
Dudley; got a letter from Captain Johnson, road-master, to
look out for the water-tank. I went down one morning and
pulled on side-track down to tank. One of the hands called
my attention to the waterspout hanging over track. I turned
hands around and put one of them to pulling other side of
track back, that is, level up the track. I then went up on the
water-tank; found one chain that holds the weight hitched

to waterspout was broken. I called for the bumper, Hagans, to bring me a piece of wire. He brought the wire and handed it to me on a stick. I pulled chain down, put my wire into the weight and fastened it to the chain. There are two small chains that hold up the weight of the spout. Just as I pulled down the other chain hooked to the weight, one of the small chains next to me broke, and the spout flew around and snatched me off and I fell on the ground. * * * I received a letter from the roadmaster, Johnson, about this tank, instructing me to go there and repair it. * * * He told me to look after the tank; chains were rotten."

The plaintiff testified in regard to the character and extent of his injuries, and about going to the hospital. The defendant introduced no testimony in regard to the injury or the manner in which it was inflicted, but introduced a record showing that, upon his application, the plaintiff had, on 11 January, 1905, become a member of the Relief Department, and had, subsequent to the injury, received benefits from the said department. The defendant upon the entire evidence moved for judgment of nonsuit. The motion was allowed, and the plaintiff appealed.

*Dortch & Barham* for plaintiff.
*Aycock & Daniels* for defendant.

CONNOR, J., after stating the case: We concur in the opinion of his Honor that, upon his own testimony, the plaintiff is not entitled to recover. The evidence does not disclose the *use* of a defective "appliance or way" by reason of which the injury was sustained, and does not, therefore, come within the statute, Revisal, sec. 2646. The plaintiff, being told that the chain controlling the action of the spout was rotten, went, by direction of the roadmaster, not to use or operate the spout, but to repair the chain, or put a new one

in; knowing, therefore, that it was rotten, he negligently pulled it and thereby caused it to do the very thing he was directed to prevent. The language of the Court in *Dartmouth Spinning Co. v. Acord,* 84 Ga., 16, cited in defendant's brief, is in point: "Precisely because it is unsafe for use, repairs are often necessary. The physician might as well insist on having a well patient to be treated and cared for as the machinist to have sound and safe machinery to be repaired. The plaintiff was called to this machinery as infirm, not as whole; * * * so far as appears, no one knew more of the state and condition of the machinery than he did; and the object of calling him in the room was that he might ascertain the cause of the trouble and apply the remedy." *Pressly v. Yarn Mills,* 138 N. C., 418. We do not wish to be understood as saying that the mere fact that an employee who is engaged in the work of repairing machinery is barred of recovery, if injured by defective ways or appliances furnished for that purpose. A number of cases in our reports show the contrary. If the platform upon which plaintiff stood for the purpose of discharging his duty had been rotten or otherwise insecure, or the wire furnished him to repair the spout unfit, and by reason thereof he was injured, there would be no doubt of his right to recover. The plaintiff was sent to repair the spout by replacing the rotten chain with a sound one. He pulled the rotten chain and it broke. We cannot see in this evidence any breach of duty on the part of the defendant. The judgment of nonsuit was correct, and must be

    Affirmed.