### 24355.   SEGAL *v.* CARROLL FURNITURE COMPANY.

JENKINS, P. J. 1. Although it is the rule that where a retail dealer buys from a manufacturer for resale an article in common use and of ordinarily safe nature, contained in a sealed or closed package, he is under no duty to test or inspect the article, and can not be held liable for an injury to a purchaser from a latent or concealed defect, or even from a defect which would have been patent if the package had been opened, in the absence of actual knowledge of the defect, yet where the article has been exposed by the dealer in the process of sale and has been installed by him for the purchaser, with an express warranty that it is "extra strong," the lack of actual knowledge by the dealer of a weak and defective construction in the article will not, in an action sounding in tort, absolve him from liability to the purchaser, who in the exercise of ordinary care and without actual knowledge of the defect in the article is injured in its use. Where there has been such a representation, an allegation that the dealer knew or ought to have known of the defect is sufficient. An assurance to the purchaser as to the strength, safety, or freedom from defect of the article is the equivalent of actual knowledge on the part of the dealer, since he thereby implies the existence of knowledge, and he acts at his peril if his representation proves untrue. *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355 (147 S. E. 119); *Fleetwood* v. *Swift,* 27 *Ga. App.* 502 (108 S. E. 909); *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (2) (116 S. E. 67). See also *Woodward* v. *Miller,* 119 *Ga.* 618, 620 (46 S. E. 847), 64 L. R. A. 932 (100 Am. St. R. 188); *Smith* v. *Clarke Hardware Co.,* 100 *Ga.* 163; 165 (28 S. E.

73, 39 L. R. A. 607) ; Lewis v. Terry, 111 Cal. 39 (43 Pac. 398, 31 L. R. A. 220, 52 Am. St. R. 146) ; case-notes, 13 A. L. R. 1176-1189; and see generally, as to the duty of inspection after an express, but not implied, warranty, and the right of a purchaser to rely thereon, *North Ga. Milling Co. v. Henderson Elevator Co.,* 130 *Ga.* 113 (60 S. E. 258, 24 L. R. A. (N. S.) 235) ; *Mound City Roofing Tile Co. v. Walker,* 33 *Ga. App.* 207 (125 S. E. 863).

2. In the instant action in tort for personal injuries on account of the collapse of the strip along the side of a bed, upon which the slats rested, the basis of liability claimed being the negligence of the dealer in performing its duty of examination or inspection, created by an alleged express representation that the bed was "in good condition, extra strong, and suited for the service for which it was intended," it was error to dismiss the petition on general demurrer, where it was further alleged that the bed was apparently secure after it was assembled by the agent of the dealer in the home of the plaintiff, but that upon her retiring thereon, it collapsed, causing the injuries complained of; that the dealer was negligent in failing to exercise ordinary care in the inspection, sale, assembly, and installation of the bed, and in representing the bed to be safe for the use for which it was designed; and that the dealer knew or ought to have known of the defect in the side of the bed, in that it was "not securely glued to the bed-rail and was not securely joined to said bed-rail by screws or by glue."

Judgment reversed. *Stephens and Sutton, JJ., concur.*

Decided April 22, 1935.

*Camp, Savage & Crawford,* for plaintiff.
*Harry Hurwitz, W. S. Dillon, Evins & Calhoun, Ralph Quillian,* for defendant.

