Antonette Miszczak, Appellant, v. Maytag Chicago Company, et al., Appellees.

Gen. No. 46,812.

First District, Third Division.

October 17, 1956.

Released for publication November 28, 1956.

Arthur S. Gomberg, and Joe Reiff, both of Chicago, for appellant; Samuel Nineberg, of Chicago, of counsel.

Vogel & Vogel, of Chicago, for appellee, Maytag Chicago Co.; Leslie H. Vogel, Robert H. Vogel, and Robert B. Johnstone, all of Chicago, of counsel.

Crowe, Yates, Abrahamson & Fisk, of Chicago, for appellee, Wolf Furniture House, Inc.; Tom L. Yates, of Chicago, of counsel.

JUDGE LEWE delivered the opinion of the court.
Plaintiff brought an action to recover damages for personal injuries alleged to have been sustained when

her left hand and arm were drawn into an electrically driven clothes wringer attached to a washing machine. Jury trial was waived. The court found the defendants not guilty and entered judgment accordingly. Plaintiff appeals.

The material facts are stipulated. May 18, 1951, Bernice Nowak, plaintiff's daughter, purchased a Maytag Washing Machine from defendant Wolf Furniture Company. The washing machine was delivered to defendant Wolf by defendant Maytag Chicago Company, a distributor for the manufacturer. Wolf delivered the machine to Bernice Nowak in the same crate in which it was received by Wolf from defendant Maytag.

The machine was equipped with a tension release bar, which when pushed or pulled was designed to cause the rollers to separate and release the tension. Shortly before the purchase of the machine here involved, a salesman of defendant Wolf demonstrated the safety features of a similar washing machine to Bernice Nowak. During the course of the demonstration, the salesman told Bernice Nowak that "a slight push or pull on the release bar would release the tension on the wringer."

March 27, 1953, the day of the occurrence, the plaintiff came to visit her daughter Bernice Nowak who at that time was washing clothes. Before the washing was finished, Bernice was called away. Then plaintiff proceeded with rinsing and wringing her daughter's wash. While placing some clothing into the wringer, her fingers became caught in the pocket of a shirt, and her hand and arm were drawn into the wringer. Before her fingers, hand or arm came into contact with the rollers of the wringer, plaintiff says she pressed the tension release bar. She also testified that after her fingers were caught, she again pressed the release bar; and that in neither instance was the tension on the rollers released.

497

From May 18, 1951 to March 27, 1953, Bernice No-wak used the washing machine "regularly." During this period, she also used the release bar after the operation of the wringer had stopped. On all such occasions, when the wringer was not in operation, pressure on the release bar released the tension on the rollers.

At no time prior to plaintiff's alleged injuries did her daughter Bernice complain to defendant Wolf or anyone concerning the operation of the tension release bar on the washing machine. Nor did Bernice Nowak observe any defects in the machine.

The amended complaint alleges in substance that at the time of the purchase of the washing machine here in controversy defendant Wolf gave to Bernice Nowak a booklet issued by the manufacturer of the washing machine intended for the purchaser thereof which contained a warranty reading as follows:

"Tension Release
"Both sides of the Roller Water Remover are equipped with a red control bar. This is the Tension Release Bar. When given a slight push or pull at any point, it will automatically release tension. Be sure the tension is released while the washer is not in use between washings."

The amended complaint further alleges that defendant Wolf through its salesman impliedly and expressly warranted that the washing machine was fit for the purpose intended; that the tension release worked properly and would continue to do so without repair for a minimum period of five years.

The amended complaint also alleges that the washing machine was so constructed as to be wholly unfit for the purpose for which it was intended; that it was dangerously defective and that its defects were not evident from the inspection thereof and were unknown to Bernice Nowak or her mother, the plaintiff.

Defendants Wolf and Maytag answered denying substantially all the charges in the complaint as amended.

The concluding paragraph of the stipulation of facts reads:

"Understanding between the parties that the order entered by the court is an order finding that the plaintiff is without a cause of action as a matter of law, is not based on conflicting evidence, and has the same effect as if a jury were instructed to return a verdict in favor of defendants."

Plaintiff says that at the outset we must remember that all of the allegations of the complaint, as amended, and the stipulation of facts must be taken as true. We think plaintiff's position is untenable. Issues were joined by each defendant. The allegations of the complaint, as amended, upon which liability of defendants could be predicated were denied in defendants' respective answers. On the trial of the case it was therefore necessary for the plaintiff to prove these allegations. Since no material allegations of the complaint, as amended, were admitted by defendants, we must assume that the trial judge made a judicial determination of the issues raised by the pleadings and drew inferences from the facts as recited in the stipulation.

Plaintiff's major contentions are that each defendant is liable for the defective condition of the washing machine and that each of them breached their warranty.

With respect to plaintiff's first contention there are no facts appearing in the stipulation tending to prove that the washing machine involved was so constructed as to be unfit for the purpose for which it was intended. Nor is there any proof of a specific defect in the tension release bar.

In support of her position plaintiff cites Lindroth v. Walgreen, 407 Ill. 121; Brown v. Sterling Abrasives Division of Cleveland Quarries Co., 5 Ill.App.2d 1; Lill v. Murphy Door Bed Co. of Chicago, 290 Ill. App.

328; Colbert v. Holland Furnace Co., 241 Ill. App. 583; Ebbert v. Philadelphia Electric Co., 330 Pa. 257, 198 Atl. 323; Segal v. Carroll Furniture Co., 51 Ga. App. 164, 179 S. E. 775; and Pearlman v. Garrod Shoe, 276 N. Y. 172, 11 N.E.2d 718. In all of the cases last cited except Lindroth v. Walgreen, there was proof as to the nature of the alleged defect. Therefore, we do not regard those cases as decisive of the issues here.

In Lindroth v. Walgreen, Mrs. Lindroth, plaintiff's mother, purchased a vaporizer from the defendant Walgreen, which was manufactured by the defendant Knapp-Monarch Company. At the time of the purchase, she inquired whether the vaporizer had a "cut-out" to prevent overheating. The salesclerk of defendant Walgreen assured Mrs. Lindroth that the vaporizer was safe, that it would operate for two hours without boiling dry, and there was no danger of fire within this period. On the strength of these representations, Mrs. Lindroth purchased the vaporizer.

When Mrs. Lindroth arrived home, she read the instructions, and following them, put the vaporizer into operation next to the minor plaintiff's bed. Several minutes later, Mrs. Lindroth looked in upon the sleeping child and, finding the vaporizer functioning properly, she went downstairs. About 45 minutes later, a neighbor rushed in and told her that the bedroom was on fire. The plaintiff was badly burned as a result of the fire.

In the Lindroth case, plaintiff's theory was that the defendant manufacturer was negligent and breached its warranty. As to defendant Walgreen, the plaintiff contended that the representations of the salesclerk amounted to an express warranty, and that Mrs. Lindroth having relied thereon, this warranty was breached.

In that case, it was urged that the plaintiff must prove the defect before it may be inferred that such

500

defect caused the injury complained of. Our Supreme Court, in adverting to Carter v. Yardley & Co., 319 Mass. 92, 64 N.E.2d 693, said at page 134–135.

"In that case, as in this, the precise nature of the defect in the perfume was not shown, but the fact that the plaintiff was burned was held sufficient to raise a probability that a defect existed. In the instant case it could as well be said that the fact the vaporizer was melted and the room was ablaze was sufficient to raise the probability that the melting and fire was the result of some defect in the vaporizer."

In the Lindroth case, the inference that the instrumentality was defective and therefore imminently dangerous was drawn from the physical circumstances surrounding the fire and the injury. No physical circumstances appear in the agreed statement of facts in this case, similar to those in the Lindroth case, to support an inference that the washing machine was defective. In the Lindroth case, the vaporizer was used shortly after it was purchased. In this case the washing machine was used regularly for almost two years before plaintiff was injured.

In the instant case nowhere in the statement of facts or in plaintiff's briefs does plaintiff suggest any possible cause of the alleged failure of the tension release bar. She was alone when the occurrence took place. So far as appears from the agreed statement of facts, no attempt was made to discover the cause of the alleged defect, though plaintiff and her daughter were, and continued to be, in the sole possession of the washing machine.

In Rotche v. Buick Motor Co., 358 Ill. 507, plaintiff brought suit against the dealer from whom he purchased an automobile and the manufacturer to recover damages for personal injuries received when the automobile left the road and turned over. In announcing

the governing rule with respect to the burden of proof, the Court said at page 516,

"The mere fact that an accident resulting in an injury to a person or in damage to property has occurred does not authorize a presumption or inference that the defendant was negligent. The burden was upon the defendant in error to prove by competent evidence, direct or circumstantial, that the plaintiff in error was guilty of negligence in the manufacture or assemblage of the automobile in question."

In the case at bar, in the absence of any facts in the agreed statement tending to prove any defects in the tension release bar, we are impelled to hold that the plaintiff has failed to make out a cause of action on the theory that the washing machine was defective.

Turning now to the plaintiff's remaining contention that each of the defendants are guilty of a breach of warranty, we shall consider first the plaintiff's claim against the defendant Wolf. According to the complaint as amended, Wolf expressly warranted to Bernice Nowak that the tension release bar functioned properly and would continue to do so for a period of five years. It should be noted that there are no facts in the stipulation tending to prove that the washing machine was defective when it left the hands of defendant Wolf. Nor does it appear that the condition of the machine at any time during its long use by plaintiff's daughter was any different from its condition when she purchased it. It is conceded that the tension release bar always functioned when it was used by plaintiff's daughter. Why it failed when used by plaintiff is left to pure conjecture.

The complaint as amended says that the defects in the machine were not "evident from the inspection thereof." Plaintiff does not suggest how defendant could have detected the alleged defects by a reasonable inspection.

502

Under these circumstances does the existence of the alleged warranty dispense with the necessity of proof that the machine was defective? We think not. In our view, the trial court's finding in favor of the defendant Wolf was proper.

As to plaintiff's claim against defendant Maytag, the pleadings show that its answer denied the making of the alleged warranty, and that the stipulation of facts made no reference to an alleged warranty given by Maytag. Therefore, the absence of any reference to the alleged Maytag warranty in the stipulation of fact justifies the findings of the trial court.

For the reasons given, the judgment is affirmed.

Judgment affirmed.

FEINBERG, P. J. and KILEY, J., concur.