SOUTHEASTERN STEEL & TANK MAINTENANCE
CO. v. HENRY LUTTRELL, JR.

SOUTHEASTERN STEEL & TANK MAINTENANCE
CO. v. MIKE P. LAWSON.

SOUTHEASTERN STEEL & TANK MAINTENANCE
CO. v. WILLIAM HOUSELY. —348 S. W. (2d) 905.

Eastern Section.   March 16, 1961.

Certiorari Denied by Supreme Court July 26, 1961.

Poore, Cox, Baker & McAuley, Knoxville, J. M. Mc-Cloud, LaFollette, Roy Asbury, Jacksboro, for plaintiff-in-error.

Hodges & Doughty, Knoxville, David Rogers, LaFollette, for defendants-in-error.

COOPER, J.   These suits were brought by Henry Luttrell, Jr., Mike P. Lawson and William Housely, seeking to recover for personal injuries received on January 7, 1959 when an air compressor belonging to the defendant corporation exploded while it was being welded by plaintiff Luttrell.  In their declarations, plaintiffs aver that the explosion occurred within the crankcase of the compressor engine and was due to the negligence of defendant in failing to drain the crankcase of the compressor before delivering it to plaintiff Luttrell; in failing to remove the covering of the crankcase and thus eliminate inflammable liquids and gases; in failing to advise plaintiff Luttrell that the crankcase contained

inflammable material; in removing the oil pump from the engine block and failing to plug the opening which led from the face of the engine block to the crankcase; in failing to advise plaintiff Luttrell that the opening in the face of the engine block led to the contents of the crankcase, and in failing to furnish plaintiff Luttrell with a safe place for the performance of his work

Defendant filed pleas of general denial and the case proceeded to trial.

At the close of the proof, defendant moved for a directed verdict, which was overruled. The jury returned verdicts for plaintiff Henry Luttrell, Jr., for $15,000; plaintiff Mack P. Lawson for $1,000, and plaintiff William Housely for $300. Motion for a new trial was overruled and defendant appealed, assigning as error the court's action in overruling defendant's motion for a directed verdict, contending that (1) there was no material evidence to support the verdict; (2) the evidence shows that plaintiff Henry Luttrell, Jr., was guilty of such contributory negligence as would bar his recovery; (3) plaintiff Luttrell assumed the risk incident to the job of welding the engine block; and (4) in the cases of plaintiffs Housely and Lawson, the contributory negligence of plaintiff Henry Luttrell, Jr., was an efficient intervening act of negligence, thus releasing defendant of liability.

In considering whether or not there was material evidence to support the verdicts, this Court in its review does not weigh the evidence, but considers only whether there is any material evidence to support the verdict. In such review we are required to take the strongest legitimate view of all evidence favorable to the plaintiffs, disregard all to the contrary, and indulge all reasonable

inferences to uphold the verdicts. Kunk v. Howell, 40 Tenn. App. 183, 289 S. W. (2d) 874, 73 A. L. R. (2d) 1304; Cherry v. Sampson, 34 Tenn. App. 29, 232 S. W. (2d) 610; Short Way Lines v. Thomas, 34 Tenn. App. 641, 241 S. W. (2d) 875.

In reviewing the evidence, the record discloses that the plaintiff Henry Luttrell, Jr., operated a welding shop at LaFollette, Tennessee in partnership with his brother, Mike Luttrell. The building in which the shop was located was leased from Jim McCloud, who reserved the storage yard in the rear of the building for his own use. Defendant corporation used this yard for the storage and repair of heavy equipment by agreement with McCloud. One piece of machinery stored on this yard was an air compressor which had been damaged when the water froze in the cooling system and ruptured the water jacket. Defendant designated Everette Ivey, an employe skilled as a heavy duty mechanic, to repair the water jacket by bolting a patch on the side of the jacket. Ivey removed an oil filter, oil pump, magneto and governor from the face of the compressor engine. The removal of the oil filter and pump left an opening in the side of the compressor engine near the water jacket. A line led from the opening to the crankcase some eighteen inches away. The crankcase was filled with oil and possibly gasoline and ether.

J. L. McCloud, president of defendant corporation, contacted plaintiff Luttrell relative to welding the water jacket and advised plaintiff Luttrell that defendant's employe, Ivey, would "take everything that was necessary off the block to get it welded." Several days later defendant's employe, Ivey, informed plaintiff Luttrell that the water jacket was ready for welding and delivered

it to plaintiff Luttrell's shop. The preparation for welding, as performed by defendant's employe, Ivey, consisted of removing the accessories from the face of the compressor engine. Defendant did not drain the crankcase, nor plug the opening left by the removal of the oil filter and pump, nor warn plaintiff Luttrell that a line led directly from the opening to the crankcase.

Plaintiff Luttrell, who had never worked on an air compressor prior to this occasion, did not know that the opening in the outside of the compressor engine led to the crankcase, nor that the crankcase was filled with combustible liquids and gases. Following the custom of the welding trade, plaintiff Luttrell made no examination of the compressor engine but began his weld. In the course of the welding it was necessary for plaintiff to bring his electric torch almost directly above the opening leading to the crankcase. This ignited the gases, causing an explosion in the crankcase and throwing its contents over plaintiff Luttrell and plaintiffs Lawson and Housely who were standing nearby. These plaintiffs were burned with varying degrees of severity.

The above evidence establishes that the defendant had the obligation, which it does not dispute, to warn plaintiff Luttrell of any defects or conditions of which it had actual or constructive knowledge and which were potentially dangerous to plaintiff Luttrell in carrying out the welding operation.

8 C. J. S. Bailment sec. 25, p. 261:

"Where, * * * property is delivered to a bailee for work to be performed * * * on it, the bailor is liable to the bailee for defects likely to cause injury in the process of performing the work if such defects are

not common to the particular species of property, and if they are known, or should have been known, to the bailor, and no notice of them is given to the bailee.'' See also Stroud v. Southern Oil Transportation Co., 215 N. C. 726, 3 S. E. (2d) 297, 122 A. L. R. 1018; 6 Am. Jur., Bailment, Sec. 199, p. 312; Restatement, Torts, Sec. 388.

Defendant insists that there is no proof in the record that it had the requisite knowledge of the existence of a dangerous condition and therefore had no duty to warn plaintiff Luttrell. We cannot agree with this insistence. The evidence as shown above discloses that the explosion in the compressor occurred when gases escaped from the crankcase through an opening on the face of the compressor and were ignited by plaintiff Luttrell's welding torch; and that the condition which led to the explosion was created by the affirmative act of the defendant's employe in uncovering and leaving open the oil line leading directly from the crankcase to the opening on the face of the compressor engine near the water jacket which was to be welded.

From this, we are of the opinion that the jury could reasonably conclude that the defendant had knowledge, either actual or constructive, of a condition that was potentially dangerous to plaintiff Luttrell in carrying out the welding operation, and that the defendant was negligent in failing to warn plaintiff Luttrell of this condition.

As to the insistence that the explosion, under these circumstances, was not foreseeable and therefore the defendant did not have the requisite knowledge, the principle is well established that to impose liability for negli-

gence it is not essential that the precise manner in which an injury ultimately results be foreseeable, but only that there was substantial liability that the negligence charged would result in "harm in the abstract," and it is for the jury to say whether the defendant under these circumstances, should have anticipated that the gases would escape from the crankcase and be ignited by the plaintiff's welding torch. Spivey v. St. Thomas Hospital, 31 Tenn. App. 12, 211 S. W. (2d) 450; Wallace v. Electric Power Board, 36 Tenn. App. 527, 259 S. W. (2d) 558; Rogers v. City of Chattanooga, 39 Tenn. App. 176, 281 S. W. (2d) 504.

We are further of the opinion that the jury could reasonably conclude from the evidence in this case that the defendant agreed to and undertook to prepare the compressor engine for welding, imposing upon itself the duty of exercising reasonable care in preparing the compressor engine so that it could be welded in safety. Fink v. Dixon, 46 Wash. (2d) 794, 285 P. (2d) 557; Hinds v. Wheadon, 19 Cal. (2d) 458, 121 P. (2d) 724; and that the defendant breached the duty owed to the plaintiff when it uncovered and left open the line leading from the face of the engine to the crankcase and failed to drain the crankcase of highly combustible materials.

■ Defendant further contends that plaintiff Henry Luttrell, Jr., was guilty of contributory negligence in failing to inspect the compressor engine and in failing to take reasonable precautions for his own safety prior to welding the water jacket. Proof in this case is such that the jury could reasonably conclude that the defendant, who was skilled in the operation and maintenance of heavy equipment, agreed to and undertook to prepare the compressor engine for welding, and that plaintiff Luttrell

relied on defendant's representations that the engine was ready for welding, as was the custom of his trade. Then, too, plaintiff Luttrell not being familiar with compressor engines, there was nothing about the engine to call his attention to the fact that a simple, safe welding operation on the water jacket had been turned into a dangerous operation by the affirmative act of the defendant in uncovering and leaving open a line leading from a point beneath the water jacket to the crankcase.

In System Tank Lines v. Dixon, 47 Wash, (2d) 147, 286 P. (2d) 704, 707, the defendant delivered a tanker-trailer to the plaintiff for repair. The plaintiff, relying on defendant's employe's representation that the tanker-trailer was ready for welding, made no inspection nor took any precautions for his own safety. During the course of the welding, the tanker exploded, seriously injuring the plaintiff. In considering the issue of contributory negligence, the Supreme Court of Washington said:

"It is a general rule of law that one who relies on representations of another and fails to take reasonable precautions for his own safety is not guilty of contributory negligence, if a reasonable man would have relied on the representations under the same circumstances. Perry v. D. J. & T. Sullivan, Inc., 219 Cal. 384, 26 P. (2d) 485; Moore v. Jefferson Distilling & Denaturing Co., 12 La. App. 405, 123 So. 384; Johnson v. Land O'Lakes Motor Co., 218 Minn. 404, 16 N. W. (2d) 466; Heldenfels v. Montgomery, Tex. Civ. App. 1942, 157 S. W. (2d) 998, writ of error refused by supreme court. The question of the reasonableness of Mr. Dixon's reliance on the assurances of Mr. Holinka is one of fact. We think the question

was properly submitted to the jury by the trial court.'' See also Desdemona Gasoline Co. of Texas v. Garrett, Tex. Civ. App., 90 S. W. (2d) 636.

In our opinion, the circumstances set out above present an issue of fact on which men of reasonable minds could differ as to whether or not plaintiff Luttrell was guilty of contributory negligence, thus making it a jury question. Act-O-Lane Gas Service Co. v. Hall, 35 Tenn. App. 500, 248 S. W. (2d) 398; Hale v. Rayburn, 37 Tenn. App. 413, 264 S. W. (2d) 230; White v. Seier, 37 Tenn. App. 437, 264 S. W. (2d) 241; France v. Newman, 35 Tenn. App. 486, 248 S. W. (2d) 392; McBroom, et al. v. S. E. Greyhound Lines, et al., 29 Tenn. App. 13, 193 S. W. (2d) 92.

Likewise, under the above circumstances, the issue of assumption of risk by plaintiff Luttrell was a question of fact for determination by the jury under proper instructions from the court. Overstreet v. Norman, 44 Tenn. App. 343, 314 S. W. (2d) 47; Urmann v. City of Nashville, 44 Tenn. App. 36, 311 S. W. (2d) 618.

The issues of negligence and contributory negligence of plaintiff Luttrell having been properly submitted to the jury and having been decided adversely to the defendant, the insistence of defendant that the claims of plaintiffs Lawson and Housely should be denied because of the alleged intervening acts of negligence of the plaintiff Luttrell is without merit.

Accordingly, all assignments of error are overruled.

Judgments below are affirmed with interest, and costs are adjudged against the defendant.

McAmis, P. J., and Hale, J., concur.