38763.   CAPITAL AUTOMOBILE COMPANY v. SHINALL.

DECIDED APRIL 28, 1961—REHEARING DENIED MAY 15, 1961.

*Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr., W. Neal Baird,* for plaintiffs in error.

*McFarland & Cooper, Martin McFarland,* contra.

FELTON, Chief Judge. ■ On the question of the overruling the motion to dismiss the action, the contention by Capital Automobile Company that the petition fails to show that it owed a duty to the plaintiff is without merit. While there is no duty on the part of the automobile company to give such instructions as are alleged in the petition, we think that under the circumstances alleged such a relationship existed between the parties as would make it a duty on the part of the automobile company to exercise ordinary care in warning the plaintiff against the hazard incurred in carrying out the instructions, which Capital chose to give. This duty to warn does not arise out of the duty to give instruc-

tions. It arises out of the giving of the instructions under circumstances where reliance upon the instructions by the receiver would normally be expected by one giving the instructions. *Chitty v. Horne-Wilson, Inc.*, 92 Ga. App. 716 (89 S. E. 2d 816). In this type of case no privity of contract between the parties is necessary. The Restatement of the Law of Torts touches very closely on this question. While it is to be noted that the Restatement does not cover the instant situation completely, we think that all that is necessary to give rise to the duty to warn is the relationship of the parties and the undertaking of the giving of instructions. Restatement of the Law of Torts reads as follows: "Section 311, Negligence, Misrepresentation. Involving Threat of Bodily Harm—(1) One a part of whose business or profession it is to give information upon which the bodily security of others depends and who in his business or professional capacity gives false information to another is subject to liability for bodily harm caused by the action taken in reliance upon such information by the recipient or by a third person to whom the actor should expect the information to be communicated if the actor, although believing the information to be accurate, has failed to exercise reasonable care (a) to ascertain its accuracy, or (b) in his choice of the language in which it is given. (2) The actor is subject to liability under the statement in Subsection (1) not only to the recipient or to a third person who expectably acts in reliance upon it but also to such third persons as the actors should expect to be put in peril by the action taken." The circumstances alleged in this case which give rise to the duty to warn where instructions are actually given voluntarily and without any duty to do so are that the plaintiff had purchased his Cadillac automobile from the defendant, that the plaintiff was a prospect for the purchase of a new Cadillac, that the probability was that the correcting of the defect in the starter to the plaintiff's automobile was a step toward satisfying the plaintiff, either generally or in order to sell him another automobile, and that the plaintiff was at the very time negotiating with the defendant for the purchase of a new Cadillac.

■ The contention by the plaintiff in error that the petition fails to allege that the acts of the defendant's servants were

committed within the scope of employment is without merit. The petition alleged that the defendant, acting through the named employees, furnished the instructions, demonstration, information and assurances of safety. Such an allegation is sufficient to allege that the agents were acting within the scope of their authority. *Chamberlin Co. of America v. Mays*, 92 Ga. App. 173 (88 S. E. 2d 176) and cit. The contention by the plaintiff in error that the employee, Nathaniel Brown, was not such a person as was held out by the defendant to be a mechanical expert is without merit for the reason that the petition alleged that the company, acting through Mr. Roy Roberts, Mr. Randy Gibson and Nathaniel Brown showed Dr. Shinall a method of starting that car by placing the metal shaft of a screw driver in contact with the electric terminals of the starter, while the screw driver was held by the handle, and told Dr. Shinall there was no danger in starting the car in that way, except if the car had been running and the exhaust manifold was hot, his hand might be burned if it touched the heated exhaust manifold. The petition further alleged that the new car sales department of the defendant was in charge of Mr. Roy Roberts; that at that time Mr. Randy Gibson was a salesman in the employ of the defendant; that one Mr. Adams was then an appraiser in the employ of the defendant, and that Nathaniel Brown was a regular employee of the defendant. It thus appears that the instructions were not alleged to have been given by a mere regular employee, but by other officers of the defendant company who a jury might find had the apparent authority to give the instructions to the plaintiff, together with the limited warning. There is nothing in the petition which indicates that the plaintiff knew of the danger in carrying out the instructions given to him and that he, therefore, assumed the risk of carrying out the instructions. The petition does not show on its face that the plaintiff did not follow the instructions received by him. It is consistent with the allegations of the petition that the plaintiff followed the instructions and was injured by inadvertently causing the screw driver to come in contact with a high voltage wire, concerning which he had had no warning.

■ As to the motion for judgment notwithstanding the mistrial,

we think the jury was authorized to find that the plaintiff proved his case as laid. It is contended by Capital Automobile Co. that the plaintiff's testimony, construed against him, shows that the plaintiff himself requested Nathaniel Brown to show him how to start the motor. The contention is based on an allegation in the petition that the defendant, speaking through Mr. Roy Roberts, suggested that Nathaniel Brown show the plaintiff how to start the car with the screw driver, and on the following question and answer: "Q. Did he start it one time and then you ask him to show you how to start it and then he started it again? A. I don't recall." This situation does not demand the consequence claimed by the plaintiff in error for the reason that there are two subject matters involved in the question. One is whether Nathaniel Brown started the engine once before he started it again to show the plaintiff how to start it. The other is whether Nathaniel Brown started it in order to show the plaintiff how to do it. The plaintiff testified that he did not remember whether or not Nathaniel Brown had started the car previously to the time when Brown started it to show the plaintiff how to start the motor. We do not think that the contention of the plaintiff in error that this testimony of the plaintiff demanded a finding against him on the ground that his testimony was self-contradictory, vague and equivocal is meritorious. While the evidence of the plaintiff was contradicted by prior statements and depositions given by him, this is a matter of impeachment which is a question for the jury and not for this court to decide. The plaintiff in error also contends that the evidence shows that the plaintiff is barred by his own negligence. The contention is that the plaintiff, on the occasion when he was shocked severely, made an initial effort to start the car, as instructed, and that as he endeavored to do so he received a slight shock, which should have put him on notice of the danger involved. This contention is without merit because the jury could construe the testimony of the plaintiff to mean that when he received the slight shock he was not actually attempting to start the car according to instructions given. The plaintiff testified that prior to endeavoring to start the car by the instructions given, he felt a tingle, as of static electricity, which one experiences when one touches the door of

704

a car. As this case may be tried again, we think it proper to say that the evidence did not show that the employee, Nathaniel Brown, was engaged in the kind of activities which would have authorized the plaintiff to believe that he was a mechanic, or a mechanic's helper, or who for any other reason shown by the evidence, had authority to give the alleged instructions individually and not under the direction of any officer higher in authority. Unless the jury believe that the instructions were authorized or acquiesced in by the officers the plaintiff would not be entitled to recover. The evidence authorized the jury to find that the instructions given under the circumstances alleged, with only the limited warning, constituted negligence.

The court did not err in overruling the motion to dismiss the action or in overruling the motion for a judgment notwithstanding the mistrial.

*Judgments affirmed. Nichols and Bell, JJ., concur.*