## 43795. SEAGRAVES v. ABCO MANUFACTURING COMPANY.

ARGUED JULY 2, 1968—DECIDED SEPTEMBER 30, 1968.

*Alford Wall, Richard L. Parker,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellee.

BELL, Presiding Judge. ■ The complaint was based on negligent misrepresentation and breach of defendant's duty to warn plaintiff of the danger attendant on performing the service he was employed to render.

One who negligently gives false information to another is subject to liability for physical harm to the other caused by the latter's action taken in reasonable reliance on the information. *Capital Automobile Co. v. Shinall,* 103 Ga. App. 695, 701 (120 SE2d 351); Restatement, Second, Torts, § 311 (1). See also: *Woodward v. Miller,* 119 Ga. 618, 619 (46 SE 847, 64 LRA 932, 100 ASR 188); *King Hardware Co. v. Ennis,* 39 Ga. App. 355, 363 (147 SE 119); *Segal v. Carroll Furniture Co.,* 51 Ga. App. 164 (1) (179 SE 775); *Floyd v. Morgan,* 106 Ga. App. 332, 336 (127 SE2d 31). "Such negligence may consist of failure to exercise reasonable care (a) in ascertaining the accuracy of the information, or (b) in the manner in which it is communicated." Restatement, Second, Torts, § 311 (2). If the owner of a chattel employs an independent contractor to repair it and the owner knows or in the exercise of ordinary care should know that there is some latent danger or unusually perilous condition involved in the service, which is unknown to the contractor and could not be known to him by the use of ordinary care, it is the duty of the owner to warn the contractor of the danger; for a breach of that duty resulting in injury to the latter, he has a cause of action against the owner. *Huey v. City of Atlanta,* 8 Ga. App. 597, 604 (3) (70 SE 71); *Green v. Babcock Bros. Lumber Co.,* 130 Ga. 469 (2) (60 SE 1062). "If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto." *Code* § 66-301. This principle is applicable,

also, in the relationship of an employer to an independent contractor.

■ The holding in *Dartmouth Spinning Co. v. Achord*, 84 Ga. 14, 17 (10 SE 449, 6 LRA 190), that a repairer of machinery assumes the risk of defects which he is called on to repair and dangers incidental to those defects, is not applicable. The evidence showed that the condition creating the danger here was not the defect to be repaired, nor was it incidental to the crack in the tank. It was an independent condition of which Seagraves was not informed. See *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507, 520 (116 SE 57), aff'd 157 Ga. 105, 106 (120 SE 636); *Huey v. City of Atlanta*, 8 Ga. App. 597, 604, supra.

Admittedly, the defendant knew of the presence of the inflammable substance and of the danger of welding the tank under the circumstances. There was evidence indicating that the plaintiff did not have personal means of knowledge of the danger equal to that of the defendant. It is true that an employee or contractor assumes all the usual and ordinary hazards of his business and is bound to use skill and diligence to protect himself. See *Code* § 66-303; e. g. *Georgia R. Co. v. Nelms*, 83 Ga. 70, 76 (9 SE 1049, 20 ASR 308). He also assumes any special risk which is known to him or which is so obvious that a reasonably prudent man would observe and appreciate it. E.g., *Gray v. Garrison*, 49 Ga. App. 472, 478 (176 SE 412). However, assumption of risk is a contractual incident of employment; being a contractual implication, it may be vitiated by express agreement or by a repugnant implication arising from particular transactions or communications between the parties. *Brown v. Rome Machine &c. Co.*, 5 Ga. App. 142, 149 (62 SE 720). Thus if one engaged to perform a service doubts the safety of performing the service but thereafter proceeds with the work in reliance on the employer's assurance that there is no danger, then unless the danger is so obvious that no prudent man would expose himself to it, the law implies a new quasi-agreement superseding the assumption of risk and placing responsibility for the resulting injuries on the employer. *Cheeney v. Ocean Steamship Co.*,

92 Ga. 726, 731 (19 SE 33, 44 ASR 113); *Bush v. West Yellow Pine Co.*, 2 Ga. App. 295, 298 (58 SE 529); *International Cotton Mills v. Webb*, 22 Ga. App. 309 (3) (96 SE 16); *Borochoff v. Fowler*, 98 Ga. App. 411, 416 (105 SE2d 764).

It was a question for the jury whether Lawson actually made the representations claimed by plaintiff. If those representations conveyed the assurance that it was safe to weld the tank in its existing condition, and if plaintiff acted in reliance on that assurance, then assumption of risk was not available as a defense. This would be true whether the assurance was purposely given or was unintended—in the first instance because the contractual implication was abrogated and in the second because the risk of negligent misinformation was not included among the hazards assumed at the inception of the employment.

■ In a colloquy between court and counsel the trial judge stated that defendant's motion for directed verdict would be granted because the evidence showed there was a safer way to weld the tank—that is by filling it with water before welding. There was uncontradicted testimony that the explosion could not have occurred if plaintiff had taken this precaution. However, this theory on which the directed verdict was based was erroneous for three reasons: (1) In Georgia we follow the doctrine of comparative negligence, not contributory negligence. *Code* § 105-603; *Hill v. Callahan*, 82 Ga. 109, 114 (8 SE 730). (2) Plaintiff's actions were to be measured by the standard of a reasonably prudent man; by that standard he was not necessarily required to follow the safest course of conduct. Where the duty is that of ordinary care, one is not negligent (or contributorily negligent) merely because of failure to exercise that degree of care which would have absolutely prevented injury. *Louisville & Nashville R. Co. v. Rogers*, 136 Ga. 674 (71 SE 1102); *Richardson v. Pollard*, 57 Ga. App. 777, 781 (196 SE 199); *Cook v. Parrish*, 105 Ga. App. 95, 100 (123 SE2d 409). (3). The theory assumes that the danger of welding the tank without first filling it with water was known or obvious to plaintiff. Negligence is predicated on what should have been anticipated, on faulty or defective foresight rather than on hindsight which reveals a mistake. *Misenhamer v. Pharr*, 99 Ga. App.

163, 168 (107 SE2d 875). Cited cases such as *Cawood v. Chattahoochee Lumber Co.*, 126 Ga. 159, 161 (54 SE 944), and *Atlantic C. L. R. Co. v. Street,* 116 Ga. App. 465, 467 (157 SE2d 793), which rest on the axiom that one must choose a course of conduct which he knows to be safe rather than one which involves known or obvious peril, are not controlling here. It is plain that it was a question for the jury whether plaintiff should have anticipated the presence of the inflammable substance in the tank and the danger of welding it in that condition. One who relies on representations of another and fails to take precautions for his own safety is not guilty of contributory negligence if a reasonable man would have relied on the representations under the same circumstances. Southeastern Steel &c. Co. v. Luttrell, 48 Tenn. App. 522 (348 SW2d 905); System Tank Lines v. Dixon, 47 Wash. 2d 147 (286 P2d 704). See also Desdemona Gasoline Co. v. Garrett (Tex. Civ. App.) 90 SW2d 636.

Since this case is to be retried, we wish to caution that the issues of negligence, assumption of risk and contributory negligence involved here do not turn entirely on the alleged representations. A jury would have been authorized to find that defendant was under a duty either to clean the tank sufficiently or to warn plaintiff of the danger irrespective of those representations. Even if defendant did not make the assurances which plaintiff claims lulled him, yet assumption of risk and contributory negligence were issues for the jury to decide. Our appellate courts have held in hundreds of cases that questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury and a court should not take the place of a jury in solving them except in plain and indisputable cases. E.g., *Peek v. Baker,* 76 Ga. App. 588, 595 (46 SE2d 751); *McKnight v. Guffin,* 118 Ga. App. 168 (1) (162 SE2d 743).

*Judgment reversed. Hall and Quillian, JJ., concur.*