Eleanor Higginbotham ARETZ,
Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

Thomas F. ARETZ, Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

No. 78–3615.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1981.

Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., Neil R. Peterson, Atty., Dept. of Justice, Civ. Div., Sp. Litigation, James P. Klapps, Atty., Dept. of Justice, Civ. Div., Torts Sec., Washington, D. C., for defendant-appellant.

Frank P. Brannen, Perry Brannen, Jr., Savannah, Ga., for plaintiffs–appellees.

Joseph Jones, Jr., Atlanta, Ga., for amicus curiae, Flossie Marie Massey, et al.

Jim Ammerman, Marshall, Tex., A. Blenn Taylor, Jr., Brunswick, Ga., for Jean Marie Thomas, et al, intervenors.

Before COLEMAN, Chief Judge, BROWN, AINSWORTH, GODBOLD, CHARLES CLARK, RONEY, GEE, TJO-FLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POL-ITZ, HATCHETT, ANDERSON, RAN-DALL, TATE, SAM D. JOHNSON, THOM-AS A. CLARK and WILLIAMS, Circuit Judges.

PER CURIAM:

The Court has determined that this appeal presents important issues of Georgia law that the Supreme Court of Georgia should appropriately decide. *See Wansor v.*

*George Hantscho Co., Inc.*, 570 F.2d 1202 (5th Cir. 1978).

## CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO GEORGIA CODE ANNOTATED § 24–3902

### TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit, that the above–styled case in this Court involves questions or propositions of the law of the State of Georgia that are determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of the State of Georgia. This Court, therefore, certifies the following questions of law to the Supreme Court of Georgia for instructions concerning them based on the facts found by the district court.

## I. STATEMENT OF FACTS

After a three week trial, the district judge entered an opinion reported in —— F.Supp. —— (S.D.Ga.1977). Findings of fact appear throughout the opinion; abridged findings appearing at the end of the opinion are to be considered along with those appearing in the opinion itself. *Id.* at ——.

While the record, consisting mainly of exhibits, is voluminous, the testimony was not transcribed, and the appellant does not contend that the district judge was clearly erroneous as to any finding of fact he made. Therefore, all findings of fact are accepted as supported by the evidence.

## II. QUESTIONS TO BE CERTIFIED

1. Did the United States owe a duty of care to employees of Thiokol, either (a) properly to classify the illuminants initially and to inform Thiokol of their proper classification or (b) to communicate the change in classification to Thiokol?

We recognize that a negative answer to both parts of this question would be determinative of this case. However, if the answer to either or both parts of it is affirmative, then the question of proximate cause remains. In our opinion, this question cannot be resolved in advance of the determination whether Georgia law imposes a duty and the definition of that duty because resolution of the proximate cause question depends, at least in part, on the nature of the duty, the breach of which is alleged to have caused harm. Therefore, we certify the following question in addition:

2. If the answer to either or both parts of question 1 is affirmative, then accepting the findings of fact made by the trial judge, was it erroneous as a matter of law for him to conclude that the United States' breach of the duty you have defined in answering question 1 was a proximate cause of the explosion?

We transmit herewith copies of the briefs of the parties. Without in any way qualifying our acceptance of the trial judge's findings of fact, we respectfully refer the Georgia Supreme Court to the following documents that were introduced in evidence and supply the court with the following information:

Plaintiff's exhibit 1, transmitted herewith, contains the Award, the Solicitation Offer and Award, and Appendices thereto. We respectfully invite the court's attention to p. 163 (as marked in lower right corner), incorporating Armed Services Procurement Regulation 7–104.79. A copy of this Regulation (32 C.F.R. § 7.104–79) is forwarded herewith. It requires the contractor to comply with DOD Contractors Safety Manual for Ammunition Explosives and Related Dangerous Materials. A copy of the Manual (plaintiff's exhibit 2) is transmitted herewith. We respectfully invite the court's attention to the Foreword, §§ 100–103, 707, 709.

Drawings and specifications were supplied to Thiokol in the Technical Data Package; drawings therein identified the illuminant material as Class 2. See also

p. 75 of plaintiff's exhibit 1, "ALERT" notice.

The Georgia Supreme Court may wish to have the assistance of reference to some materials that are not mentioned in the original opinion and dissent in this matter, 604 F.2d 417 (1979), *vacated*, 616 F.2d 254 (5th Cir. 1980) (en banc), in addition to those authorities cited in the original opinions. Therefore, we respectfully refer that court to the following citations for such assistance, if any, as they may provide:

*Atanta & F.R. Co. v. Kimberly*, 87 Ga. 161, 13 S.E. 277 (1891);

*Bellcraft v. Bennett*, 147 Ga.App. 830, 251 S.E.2d 53 (1978);

*NEDA Construction Co. v. Jenkins*, 137 Ga.App. 344, 223 S.E.2d 732 (1976):

*Poppell v. Waters*, 126 Ga.App. 385, 190 S.E.2d 815 (1972);

*Seagraves v. ABCO Mfg. Co.*, 118 Ga. App. 414, 164 S.E.2d 242 (1968), *after remand*, 121 Ga.App. 224, 173 S.E.2d 416 (1970);

*Mauldin v. Sheffer*, 113 Ga.App. 874, 150 S.E.2d 150 (1966);

*Capital Auto Co. v. Shinall*, 103 Ga.App. 695, 120 S.E.2d 351 (1961);

Restatement (Second) of Torts §§ 311, 410, 413, 431.

Comment, *Aretz v. United States*: Fifth Circuit Announces Major Development in Georgia Tort Law, 31 Mercer L.Rev. 1095 (1980).

41 Am.Jur.2d, Independent Contractors, § 25.

57 C.J.S. Master and Servant § 589.

We make available to you upon request the entire record should you wish to see all or any part of it.

CERTIFIED.