**Dorothy WATSON, Plaintiff-Appellant,**

v.

**John O. MARSH, Secretary of the Army, Defendant-Appellee.**

No. 82–2116
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1982.

E. Ben Franks, Texarkana, Ark., for plaintiff-appellant.

M. Lawrence Wells, Asst. U.S. Atty., Tyler, Tex., for defendant-appellee.

Before BROWN, GEE and JOLLY, Circuit Judges.

PER CURIAM:

Plaintiff Dorothy Watson, employed by an independent contractor, was injured while working on ammunition at the Lone Star Ammunition Plant in Texarkana, Texas. Her employer operated the plant under a contract with the Department of the Army. The machinery and supplies used were, however, owned by the United States. While operating an assembly machine, her hand became entangled in it, resulting in the amputation of a finger. She sued under the Federal Tort Claims Act, advancing theories of strict liability and negligence.

The district court concluded that a strict liability action could not be brought under the Federal Tort Claims Act. *Laird v. Nelms,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972). It then found as a fact that the machine was defective and unreasonably dangerous because of an exposed "pinch point," which caught her hand. The court also found that the government had tacitly approved the procedures Ms. Watson used when she was injured and had approved the design of the machine and the modification which created the defective pinch point. It viewed the question as whether the United States could be held liable if it negligently, if tacitly, approved the design of the machine. The court held, however, that under applicable Texas law the United States could not be held liable even if it had negligently approved the design because, under the rationale of *Alexander v. United States,* 605 F.2d 828 (5th Cir. 1977), the United States owed no duty to the employees of such an independent contractor as her employer.

These holdings are correct.[1] The judgment is

AFFIRMED.

---

**1.** *Aretz v. United States,* 604 F.2d 417 (5th Cir. 1979), *en banc granted and questions certified,* 635 F.2d 485 (5th Cir. 1981), *certified questions answered,* 248 Ga. 19, 280 S.E.2d 345 (1981), *panel decision reinstated,* 660 F.2d 531 (1981), is inapposite as turning on Georgia law.